# CIVIL COVER SHEET

JS-44
(Rev. 2/01 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| MARGARET S. SUE | THE UNITED STATES OF AMERICA |

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** __Fairfax, Virginia__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: In land condemnation cases, use the location of the tract of land involved.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Peter C. Grenier, Esquire (DC Bar # 418570)
BODE & GRENIER, L.L.P.
1150 Connecticut Avenue, N.W.
Ninth Floor
Washington, D.C. 20036
(202) 828-4100 (telephone)
(202) 828-4130 (facsimile)

ATTORNEYS (IF KNOWN)

Alberto Gonzales
Attorney General
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530

---

## II BASIS OF JURISDICTION
(SELECT ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

● 2 U.S. Government Defendant

○ 3 Federal Question (U.S. Government Not a Party)

○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY!)
(SELECT ONE FOR PLAINTIFF AND ONE FOR DEFENDANT)

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

---

# IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Select one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

☐ 410 Antitrust

**● B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☒ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○ **G. Habeas Corpus/2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding ○ 2 Removed from State Court ○ 3 Remanded from Appellate Court ○ 4 Reinstated or Reopened ○ 5 Transferred from another district (specify) ○ 6 Multi district Litigation ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. § 2671 (2004) et seq. and 28 U.S.C. § 1346(b) (2004).  Negligence and Negligence Per Se.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23  DEMAND $ not less than $5,000,000.00  Select YES only if demanded in complaint  JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction)  ☐ YES ☒ NO  If yes, please complete related case form.

DATE _July 7, 2005_   SIGNATURE OF ATTORNEY OF RECORD *[signature]*

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARGARET S. SUE<br>1504 McLean Corner Lane<br>McLean  VA  22101<br><br>       Plaintiff,<br><br>  v.<br><br>THE UNITED STATES OF AMERICA<br>   Serve:<br>         Alberto Gonzales<br>         Attorney General<br>         U.S. Department of Justice<br>         950 Pennsylvania Ave., NW<br>         Washington, DC 20530<br><br>   and<br><br>         Civil Process Clerk<br>         United States Attorney's<br>           Office for the District<br>           of Columbia<br>         555 4th Street, NW<br>         Washington, DC 20530<br><br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No._____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR MONEY DAMAGES

COMES NOW Plaintiff Margaret S. Sue, by counsel, and for her Complaint For Money

Damages against Defendant the United States of America, respectfully states as follows:

## Nature of Case

This is an action for damages arising out of personal injuries and property damage sustained by Plaintiff as a result of the negligent operation of a motor vehicle by Defendant's employee, Obami Cinge Wray, on the Roosevelt Bridge in the District of Columbia on or about April 10, 2000. This action is brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 (2004) *et seq.* and 28 U.S.C. § 1346(b) (2004).

## Jurisdiction and Venue

1.    The Court's personal jurisdiction over the United States of America is manifest, and the United States has waived sovereign immunity pursuant to the FTCA, 28 U.S.C. § 2671 (2004) *et seq.* and 28 U.S.C. § 1346(b) (2004).

2.    Venue is proper in this Court pursuant to 28 U.S.C. § 1402(b) (2004), as the acts and omissions complained of occurred in the District of Columbia.

3.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1346(b) (2004).

## Parties

4.    Plaintiff Margaret S. Sue ("Ms. Sue" or "Plaintiff") is now, and at all relevant times has been, an adult resident of the Commonwealth of Virginia. Ms. Sue resides at 1504 McLean Corner Lane, in McLean Virginia.

5.    The United States Department of Commerce is an executive agency of the United States government, and a "federal agency" within the meaning of 28 U.S.C. § 2671. Upon information and belief, Defendant the United States of America (the "United States" or "Defendant") employed Obami Cringe Wray ("Mr. Wray") on or about April 10, 2000. Upon information and belief, at the time of the incident complained of herein, Mr. Wray was operating his vehicle for the purpose of United States federal government business in the course of his

2

employment by the United States.

## Facts

6.     On or about April 10, 2000 at 2:55 p.m., Ms. Sue lawfully traveled in her 1992

Ford Taurus ("Ms. Sue's Car") westbound on the Roosevelt Bridge in the District of Columbia.

Defendant simultaneously operated a 1987 Volvo 240 ("Mr. Wray's Car") westbound on the

Roosevelt Bridge directly behind Ms. Sue.  Ms. Sue's Car was in good repair, and no mechanical

or other defect contributed to the incident.  Upon information and belief, Mr. Wray's Car was in

good repair, and no mechanical or other defect contributed to the incident.  The weather was

clear, and the incident occurred during daylight.

7.     As a result of Mr. Wray's negligent failure to pay reasonable attention and keep

reasonable lookout, as well as his failure to drive at a reasonable speed and his failure to maintain

a reasonable distance between his vehicle and Ms. Sue's Car, Mr. Wray caused the front his

vehicle to violently collide with the rear of Ms. Sue's Car.

8.     Mr. Wray was the sole cause of the collision, and was cited for failure to pay full

time and attention.

9.     Ms. Sue sustained severe injuries to her head, neck, back, coccyx, shoulders,

arms, hands, legs, feet, and whole body as a result of the collision.  Ms. Sue was transported by

ambulance to The George Washington University Hospital Emergency Room.  Ms. Sue's Car

suffered tremendous damage, and was towed from the scene.  Ms. Sue's collision-related injuries

required medical treatment, and caused her significant pain and suffering, which continue

through the date of this pleading.  Ms. Sue's collision-related injuries severely restrict her ability

to perform everyday activities, and limit her ability to care for her young daughter.  Ms. Sue's

past treatment of her collision-related injuries included, *inter alia*, numerous back and neck

3

surgeries, intensive prescription and over-the-counter drug therapy, physical therapy and rehabilitation. As a result of the collision and related treatment, she has suffered serious physical, psychological, emotional, psychiatric, and pecuniary injuries.

10.    Ms. Sue continues to require treatment through the date of this pleading. Many of Ms. Sue's collision-related injuries are permanent and will require permanent ongoing treatment of the injuries themselves, as well as her related pain and suffering. Such treatment will include prescription drug treatment and physical therapy, as well as possible future surgeries and other treatment.

11.    Mr. Sue's collision-related injuries also caused her to lose wages, as she was required to miss work during her rehabilitation. In addition, Ms. Sue's ability to work and earning capacity have been permanently reduced as a result of her collision-related injuries. By way of example but not limitation, Ms. Sue's collision-related injuries resulted in the termination of her employment by IMS Health. Ms. Sue's collision-related injuries also resulted in her loss of employer-subsidized health insurance and retirement benefits.

12.    Mr. Wray was operating his vehicle for the purpose of United States government business in the course of his employment by the United States government at the time of the collision. Mr. Wray's conduct was of the kind he was employed to perform, and occurred substantially within the authorized time and space limits of his employment. In addition, Mr. Wray's conduct was actuated by the purpose of serving his employer, the United States.

13.    Mr. Wray caused Ms. Sue the personal injuries set forth herein through his negligent and wrongful acts and omissions. Such acts and omissions were performed while Mr. Wray was acting within the scope of his office and employment by the Bureau of the Census, a division of the United States Department of Commerce.

14.    On January 9, 2002, Ms. Sue presented her claim arising from the incident and injuries referenced herein to the United States Department of Commerce via registered mail.  The United States Department of Commerce received Ms. Sue's claim on or before February 5, 2002.

15.    Ms. Sue's claim was in the amount of $100,000.00.  At the time Ms. Sue presented her claim, the full extent of her collision-related injuries was neither known nor reasonably discoverable.  Intervening facts and evidence relating to the extent of Ms. Sue's collision-related injuries and the amount of Ms. Sue's claim have since been discovered.

16.    Since January 9, 2002, a plethora of claim-related facts and evidence, none of which was reasonably discoverable prior that date, has been discovered.  Such facts and evidence include, but are not limited to:

1)    Evidence regarding the permanency and extent of Ms. Sue's  physical injuries;

2)    evidence regarding the permanency and extent of Ms. Sue's psychological, emotional, and psychiatric injuries;

3)    evidence regarding the permanency and extent of Ms. Sue's work disabilities, and the resulting loss of income and benefits;

4)    evidence regarding Ms. Sue's persistent post traumatic head, cervical and lumbar radiculopathy;

5)    evidence regarding Ms. Sue's significant cervical spondylotic disease, which required two anterior cervical discectomies and fusions, as well as other treatment;

6)    evidence regarding the nature and extent of the prescription drug treatment required to treat Ms. Sue's injuries, including but not limited to the prescription of Lorazepam, Neurontin, Effexor, Skelaxin, Oxycontin, Oxycodone, Morphine in the form of  Duragesic Patches and Avinza, Bextra, Vioxx, Celebrex, and Lidoderm Patches.

7)    evidence regarding the surgical fusion of Ms. Sue's back and neck, which required the insertion of multiple metal plates and vertebral screws;

8)    evidence regarding the permanency and extent of Ms. Sue's back hyperflexia;

9)    evidence regarding the permanency and extent of Ms. Sue's spinal bone spurs;

10)    evidence regarding the permanency and extent of Ms. Sue's disc degeneration and spinal narrowing;

11)    evidence regarding the permanency and extent of Ms. Sue's disc herniations;

12)    evidence regarding the permanency and extent of Ms. Sue's spinal canal stenosis;

13)    evidence regarding the permanency and extent of Ms. Sue's headaches and memory loss;

14)    evidence regarding the permanency and extent of Ms. Sue's head, face, jaw, and teeth pain;

15)    evidence regarding the permanency and extent of Ms. Sue's degenerative

5

osteoarthritis;

16)    evidence regarding the permanency and extent of Ms. Sue's scarring and muscle atrophy;

17)    evidence regarding the permanency and extent of Ms. Sue's reduced range of motion; Evidence regarding the permanency and extent of Ms. Sue's coccygodynia;

18)    evidence regarding the permanency and extent of the side effects experienced by Ms. Sue as a result of her drug treatment;

19)    evidence regarding the permanency and extent of Ms. Sue's loss of sensation and sexual function;

20)    evidence regarding the permanency and extent of Ms. Sue's chronic physical pain and pain-related impairment; and

21)    evidence regarding the permanency and extent of Ms. Sue's limitations in daily life and her care of her daughter.

17.    All injuries and damages claimed by Ms. Sue herein in excess of $100,000.00 are based upon newly discovered evidence not reasonably discoverable at the time Ms. Sue's claim was presented, and upon intervening facts relating to the amount of her claim.

18.    Upon information and belief, the United States Department of Commerce failed to make final disposition of Ms. Sue's claim within six months of February 5, 2002.  Such failure therefore constitutes a final denial of Ms. Sue's claim for purposes of 28 U.S.C. § 2675 (2004).

**Count I**
**Negligence**

19.    Paragraphs 1-18 above are hereby incorporated by reference as if set forth fully herein.

20.    Mr. Wray owed the public generally, and Ms. Sue specifically, common law duties to exercise that degree of care and prudence that ordinary and reasonable persons would exercise under the circumstances in the operation of his vehicle.  Mr. Wray also owed the public generally, and Ms. Sue specifically, the common law duty to take due and suitable precautions to avoid causing injury or damage to other motorists or automobiles.

21.    Mr. Wray's duties included, *inter alia*, the duty to act reasonably in his operation of his vehicle, the duty to maintain a reasonable and safe speed at all times while operating his

vehicle, the duty to adjust his speed based on conditions and the presence of hazards, the duty to maintain a safe distance while driving behind Ms. Sue's Car, the duty to avoid colliding with Ms. Sue's Car, the duty to pay full time and attention while driving, the duty to keep adequate lookout, the duty to comply will all applicable statutes and regulations, and the duty to otherwise drive in a reasonable and safe manner.

22.    As set forth more fully above, Mr. Wray breached the aforesaid duties to the public and Ms. Sue by, *inter alia*: driving at an unreasonable speed based on conditions, failing to maintain a safe distance while driving behind Ms. Sue's Car, failing to avoid colliding with Ms. Sue's Car, failing to pay full time and attention, failing to keep adequate lookout, failing to comply with all applicable statutes and regulations, and failing to otherwise drive in a reasonable and safe manner.

23.    It was reasonably foreseeable that Mr. Wray's negligent and wrongful acts would damage Plaintiff.

24.    As a direct and proximate result of Mr. Wray's negligence, Ms. Sue has suffered substantial damages, including, *inter alia*, those set forth more fully above, and in an amount of not less than $5,000,000.00, which will be proven at trial.

25.    As a result of Mr. Wray's negligent and wrongful acts, the United States, if it were a private person, would be liable to Plaintiff in accordance with District of Columbia law.

WHEREFORE, Plaintiff demands judgment against Defendant the United States as follows:  (1) compensatory damages in the amount of not less than $5,000,000.00, which amount will be proven at trial; (2) payment of all costs associated with this action; (3) post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

## Count II
### Negligence *Per Se*

26.    Paragraphs 1-25 above are hereby incorporated by reference as if set forth fully herein.

27.    Mr. Wray owed the public generally, and Ms. Sue specifically, statutory duties in his operation of his vehicle. Mr. Wray's statutory duties arose from D.C. Mun. Regs. tit. 18 §§ 18-2200.3, 18-2200.4, and 18-2213.4 (2004), as well as D.C. Mun. Regs. tit. 50 § 50-2201.04 (2004), and related provisions.

28.    The aforementioned statutes promote public safety, and were enacted to protect persons in Ms. Sue's position, and to prevent the type of incident described above. Such statutes therefore set forth duties with which Mr. Wray was required to comply.

29.    Mr. Wray's statutory duties included, *inter alia*, the duty to drive at a reasonable and prudent speed under the conditions and having regard to the actual and potential hazards then existing, the duty to control his vehicle's speed so as to avoid colliding with another vehicle, the duty to use due care, the duty to give full time and attention to the operation of his vehicle while driving, the duty to not drive upon a highway carelessly or heedlessly, the duty to drive with due caution and circumspection at a speed and in a manner so as to not endanger or be likely to endanger any person or property, and the duty to comply with all applicable statutes, and regulations.

30.    As set forth more fully above, Mr. Wray breached the aforesaid duties to the public and Ms. Sue by, *inter alia*: driving at an unreasonable and imprudent speed based on conditions, failing to maintain a safe distance while driving behind Ms. Sue's Car, failing to control his vehicle so as to avoid colliding with Ms. Sue's Car, failing to use due care, failing to

8

pay full time and attention, failing to keep adequate lookout, driving upon a highway carelessly and heedlessly,  driving without due caution and circumspection, driving at a speed and in a manner so as to endanger and be likely to endanger persons and property, and otherwise failing to comply with all applicable statutes and regulations.

31.    It was reasonably foreseeable that Mr. Wray's negligent acts would damage Plaintiff.

32.    As a direct and proximate result of Mr. Wray's negligence, Ms. Sue has suffered substantial damages, including, *inter alia*, those set forth more fully above, and in an amount of not less than $5,000,000.00, which will be proven at trial.

33.    As a result of Mr. Wray's negligent and wrongful acts, the United States, if it were a private person, would be liable to Plaintiff in accordance with District of Columbia law.

WHEREFORE, Plaintiff demands judgment against Defendant the United States as follows:  (1) compensatory damages in the amount of not less than $5,000,000.00, which amount will be proven at trial; (2) payment of all costs associated with this action; (3) post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.


                                        Respectfully submitted,


By:                                     Peter C. Grenier, Esquire (DC Bar # 418570)
                                        BODE & GRENIER, L.L.P.
                                        1150 Connecticut Avenue, N.W.
                                        Ninth Floor
                                        Washington, D.C. 20036
                                        (202) 828-4100 (telephone)
                                        (202) 828-4130 (facsimile)
                                        Counsel for Plaintiff


Dated:  July 7, 2005

9