UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGARET SUE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civ. A. No. 05-1355 (JR) |
| v. ) | |
| ) | |
| THE UNITED STATES ) | |
| DEPARTMENT OF COMMERCE ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S ANSWER**

Defendant Department of Commerce ("Defendant" or "DOC"), by and through its undersigned counsel, hereby answers Plaintiff's Complaint:

FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

No acts or omissions by Defendant were the proximate cause of any injury to the plaintiff.

THIRD AFFIRMATIVE DEFENSE

Defendant, through its employees and agents, acted with due care and diligence at all relevant times.

FOURTH AFFIRMATIVE DEFENSE

In the event Defendant is found to be negligent, which negligence is denied, the negligence of the Plaintiff was the proximate cause of and contributed to any alleged injuries or damages sustained, thereby barring recovery, or alternatively, mandating that any recovery be proportionately reduced.

FIFTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over any claim of Negligence Per Se to the extent that the Complaint alleges strict or absolute liability.

SIXTH AFFIRMATIVE DEFENSE

The Plaintiff is not entitled to seek damages in excess of the amount stated in her administrative claim ($100,000), since the increased amount sought is not based on newly discovered evidence not reasonably discoverable when the claim was presented, nor is it based upon intervening facts.  28 U.S.C. § 2675(b).

SEVENTH AFFIRMATIVE DEFENSE

In response to the allegations of the Complaint, Defendant avers and states as follows:

The first section in the Complaint, which is unnumbered, sets forth Plaintiff's theory of the case and requires no response.  To the extent that this paragraph may be deemed to contain allegations of fact, they are denied.

1. The allegations contained in paragraph 1 of the Complaint are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 of the Complaint are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

3. The allegations contained in paragraph 3 of the Complaint are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and they are therefore denied.

5. Defendant admits the allegations set forth in paragraph 5 of the Complaint except that at the time of the accident Mr. Wray was not operating "his" vehicle, but rather one owned by Marilyn Thomas.

6. Defendant denies the allegations set forth in the $1^{st}, 2^{nd}, 3^{rd}$ and 4th sentences of paragraph 6 for lack of knowledge sufficient to form a belief as to their truth. Defendant admits the allegations contained in the 5th sentence.

7. Deny.

8. Deny.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and they are therefore denied.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and they are therefore denied.

11. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the complaint, and they are therefore denied.

12. Admit.

13. Defendant denies the 1st sentence in paragraph 13 of the Complaint. Regarding sentence two, the United States admits that at the time of the incident Mr. Wray was acting within the scope of his employment but denies that he committed any negligent acts or omissions.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in sentence one, and they are therefore denied. Defendant admits the allegations of sentence two contained in paragraph 14 of the Complaint.

15. Defendant admits the allegation contained in the 1st sentence of paragraph 15 of the Complaint. Defendant denies the allegations set forth in the 2nd and 3rd sentences of paragraph 15 of the Complaint.

16. Deny.

17. Deny.

18. Defendant admits the allegation contained in the 1st sentence of paragraph 18 of the Complaint. The allegations contained in sentence two of paragraph 18 of the Complaint are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

19. Defendant incorporates by reference all of the responses set forth in paragraphs 1 through 18.

20. The allegations contained in paragraph 20 of the Complaint are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

21. The allegations contained in paragraph 21 of the complaint are Conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

22. Deny.

23. The allegations contained in paragraph 23 of the Complaint are conclusions of law

to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

26. Deny.

25. Defendant denies the first sentence of paragraph 25 of the Complaint. The remainder of paragraph 25 states a prayer for relief to which no answer is required; to the extent a response is require, Defendant denies that it is liable for Plaintiff's damages.

26. Defendant incorporates by reference all of the response set forth in paragraphs 1 through 25.

27. The allegations contained in paragraph 27 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

28. The allegations contained in paragraph 28 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

29. The allegations contained in paragraph 29 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

30. Deny.

31. Deny.

32. Deny.

33. The allegations contained in the first sentence of paragraph 33 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. The remainder of paragraph 33 consists of a prayer for relief to which no answer is required; to the extent a response is require, Defendant denies that it is liable for Plaintiff's

damages.

Defendant further denies that Plaintiff is entitled to the relief requested or to any relief whatsoever. Except to the extent expressly admitted or qualified above, Defendant denies each and every allegation of the Complaint. Having fully answered, Defendant respectfully requests that the Court dismiss this case with prejudice, grant its costs incurred herein, and grant such other relief as this Court deems appropriate.

Dated: August 23, 2005.

    Respectfully submitted,
_/s/ _____
KENNETH L. WAINSTEIN
DC BAR #451058
United States Attorney
_/s/_____
R. CRAIG LAWRENCE
DC Bar #171538
Assistant United States Attorney
_/s/_____
HEATHER PHILLIPS
CA Bar # 191620
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W., Rm E4412
Washington, DC 20530
(202) 307-0258