UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARGARET S. SUE**      )<br>                                            )<br>      Plaintiff,                          )<br>                                            )<br>      v.                                   )  Civil Action No. 05-1355 (JR)<br>                                            )<br>**THE UNITED STATES OF AMERICA** )<br>                                            )<br>      Defendant.                      )<br>                                            )<br>_____)| |

**REPORT PURSUANT TO LOCAL RULE 16.3(d) and**
**PROPOSED SCHEDULING ORDER**

Pursuant to LCvR 16.3, the parties, by undersigned counsel, hereby submit the following Report and proposed Scheduling Order in the captioned matter.

1. CASE TRACKING: The parties request that this matter be assigned the schedule set forth in the attached proposed Scheduling Order. Plaintiff asserts that this is a fairly straightforward garden variety automobile tort case, brought against the United States under the Federal Tort Claims Act. Plaintiff alleges that her medical expenses to date well exceed $200,000.00, and she has undergone four complicated surgeries. Defendant has filed an Answer in this case. Plaintiffs do not expect that this case is capable of resolution by summary judgment, but Defendant may file a dispositive motion to dispose of a portion of the case.

2. DATE TO AMEND PLEADINGS/JOIN PARTIES: The parties do not anticipate any amendments to the pleadings or the joining of any new parties.

3. MAGISTRATE/JUDGE: While Plaintiff is willing to agree that a magistrate may be assigned to hear and resolve all discovery-related matters, Defendant is unwilling so to agree

1

and requests that all matters be assigned to a judge.  The parties do jointly request that all non-discovery matters remain assigned to a judge, specifically including trial.

      4.      SETTLEMENT:  The parties submit there may be a realistic possibility of settling this matter; however, it is premature at this time to do so. Discovery must be substantially underway and/or completed prior to any substantive settlement evaluation.

      5.      ALTERNATIVE DISPUTE RESOLUTION:  Alternative Dispute Resolution, including mediation, may be appropriate following discovery in this matter.  The parties have requested ADR, if appropriate, by January 15, 2006, which is approximately 30 days after the date of close of all discovery.

      6.      SUMMARY JUDGMENT:  The parties do not anticipate this matter being fully resolved by summary judgment, but Defendant expects that certain claims may be resolved by summary judgment. The parties have requested that summary judgment motions be filed by January 15, 2006, which is approximately 30 days after the date of close of all discovery.

      7.      INITIAL DISCLOSURES:  The parties agree that Fed.R.Civ.P. 26(a)(1) initial disclosures shall be made on or before September 15, 2005.

      8 and 9.      DISCOVERY and EXPERTS:  The parties agree that all Post-Rule 26(a) Discovery Requests shall be served by September 30, 2005; that all fact discovery shall be completed by December 16, 2005; that Plaintiff shall file her Rule 26(a)(2) Statements and expert reports by October 22, 2005; that Defendant shall file its Rule 26(a)(2) Statements and expert reports by November 22, 2005; and that all expert depositions, and all discovery, be completed by December 16, 2005.  The parties agree that each party shall be permitted to take 10 depositions and that each party shall be permitted to propound forty (40) Interrogatories.

      10.      CLASS ACTIONS:  Not applicable.

11. BIFURCATION: The parties do not believe this case is appropriate for bifurcation, given that under the Federal Tort Claims Act, this case will be tried before the bench without a jury.

12. PRETRIAL CONFERENCE: The parties request a Pretrial Conference be scheduled approximately 45 days after the close of all discovery, or on or about January 31, 2006.

13. TRIAL: Trial may be scheduled at the Court's convenience at the Pretrial Conference; however, the parties request that trial be scheduled within thirty (30) to sixty (60) days from the date of the Pretrial Conference.

14. SCHEDULING ORDER: A proposed Scheduling Order is attached hereto.

Respectfully submitted,

_____s/_____   _____s/_____
Peter C. Grenier (D.C. Bar No. 418570)   Heather R. Phillips
Bode & Grenier, L.L.P.   Assistant United States Attorney
1150 Connecticut Avenue, N.W.   Judiciary Center Building
Ninth Floor   Civil Division
Washington, D.C. 20036   555 4th Street, N.W., Room E-4212
(202) 828-4100   Washington, D.C. 20530
(202) 828-4130 (fax)   (202) 514-7139
   (202) 514-8780 (fax)

*Counsel for Plaintiff*

*Counsel for Defendant*