UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARGARET S. SUE | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 05-1355 (JR) |
| v. | ) |
| | ) |
| THE UNITED STATES OF AMERICA | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S RULE 26(a)(2) DISCLOSURES**

Plaintiff Margaret S. Sue, through undersigned counsel, and pursuant to Rule 26(a)(2) and this Court's Scheduling Order, hereby discloses the identity of persons who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

1. **James N. Campbell, M.D.**  Dr. Campbell, Plaintiff's treating board-certified neurosurgeon, is expected to provide expert testimony concerning, *inter alia*, damages suffered by Ms. Sue as a result of the crash giving rise to this litigation, including, without limitation, the cause and extent of Ms. Sue's injuries, the necessity of the surgical care she has received and will need to receive in the future for such injuries, and the amount of and reasonableness of the costs related thereto.  A copy of Dr. Campbell's written report is attached hereto and incorporated herein per the requirements of Rule 26(a)(2)(B), along with a copy of his *curriculum vitae*.

2. **Lisa Lilienfield, M.D.**  Dr. Lilienfield, one of Plaintiff's board-certified treating pain management specialists, is expected to provide expert testimony concerning, *inter alia*, damages suffered by Ms. Sue as a result of the automobile collision giving rise to this litigation,

including, without limitation, the cause, extent, and permanency of Ms. Sue's injuries, as well as Ms. Sue's future treatment needs, Ms. Sue's disabilities and limitations, the necessity of Ms. Sue's past medical treatment, and the reasonableness of fees for such treatment. A copy of Dr. Lilienfield's written report is attached hereto and incorporated herein per the requirements of Rule 26(a)(2)(B), along with a copy of her *curriculum vitae*.

3. **Marcia C. Ribeiro, M.D**. Dr. Ribeiro, Plaintiff's treating board-certified neurologist, is expected to provide expert testimony concerning, *inter alia*, damages suffered by Ms. Sue as a result of the automobile collision giving rise to this litigation, including, without limitation, the cause, extent, and permanency of Ms. Sue's injuries, and Ms. Sue's head, face, jaw, teeth, neck, and back pain, as well as Ms. Sue's future treatment needs, Ms. Sue's disabilities and limitations, the necessity of Ms. Sue's past medical treatment, and the reasonableness of fees for such treatment. A copy of Dr. Ribeiro's written report is attached hereto and incorporated herein per the requirements of Rule 26(a)(2)(B), along with a copy of her *curriculum vitae*.

4. **Steven S. Hughes, M.D.** Dr. Hughes, a board-certified orthopedic surgeon, is expected to provide expert testimony concerning, *inter alia*, damages suffered by Ms. Sue as a result of the automobile collision giving rise to this litigation, including, without limitation, the cause, extent, and permanency rating of Ms. Sue's injuries, as well as the necessity of Ms. Sue's medical care, and the reasonableness of the fees therefore. A copy of Dr. Hughes' written report is attached hereto and incorporated herein per the requirements of Rule 26(a)(2)(B), along with a copy of his *curriculum vitae*.

5. **Susan B. Trachman, M.D.** Dr. Trachman, a board-certified psychiatrist, is expected to provide expert testimony concerning, *inter alia*, damages suffered by Ms. Sue as a

result of the crash giving rise to this litigation, including, without limitation, the cause and extent of Ms. Sue's psychiatric injuries, the necessity of the psychiatric/psychological care she will need to receive in the future for such injuries, and the amount of the costs related thereto. A copy of Dr. Trachman's written report is attached hereto and incorporated herein per the requirements of Rule 26(a)(2)(B), along with a copy of her *curriculum vitae*.

6. **Donna Flannery, MA, LRC, CRC, CDMS, CCM, CLCP.** Ms. Flannery, an expert in the field of life care planning, is expected to provide expert testimony regarding Ms. Sue's future necessary medical, rehabilitative, therapeutic, and other treatment, as set forth in Ms. Sue's life care plan. A copy of Ms. Flannery's written report/life care plan is attached hereto and incorporated herein per the requirements of Rule 26(a)(2)(B). Ms. Flannery also referred to and relied upon the opinions of Mr. John Bilotta, including those set forth in his expert report referenced in this Disclosure. Ms. Flannery also referred to and relied upon the opinions of Ms. Sue's medical treatment providers, including those set forth is the other expert reports referenced in this Disclosure.

7. **John Bilotta, CEAC.** Mr. Bilotta, a Certified Environmental Accessibility Contractor, is expected to provide testimony in this case concerning, *inter alia*, the home modifications necessary to meet Ms. Sue's present and future needs as a result of her disabilities. A copy of Mr. Bilotta's written report is attached hereto and incorporated herein per the requirements of Rule 26(a)(2)(B), along with a copy of his *curriculum vitae*.

8. **B. Scott Teunis, M.D.** Dr. Teunis, a board-certified plastic surgeon, is expected to provide expert testimony regarding, *inter alia*, the cause, extent, and permanency of Ms. Sue's aesthetic injuries arising from the automobile collision giving rise to this litigation. A copy of

3

Dr. Teunis' written report is attached hereto and incorporated herein per the requirements of Rule 26(a)(2)(B), along with a copy of his *curriculum vitae*.

        9.        **Phillip Bussey, Ph.D., CRC**  Dr. Bussey, a Certified Rehabilitation Counselor, is expected to provide expert testimony concerning, *inter alia*, Ms. Sue's complete and permanent disability from work as a result of the automobile collision giving rise to this litigation. A copy of Dr. Bussey's written report is attached hereto and incorporated herein per the requirements of Rule 26(a)(2)(B), along with a copy of his *curriculum vitae*.

        10.       **Richard B. Edelman, Ph.D.**  Dr. Edelman, a forensic economist, is expected to provide expert testimony concerning, *inter alia*, the present value calculations of Ms. Sue's claimed special damages in this action, including past and future lost wages and benefits, as well as future medical treatment and related professional treatment required as a result of the automobile collision giving rise to this litigation. A copy of Dr. Edelman's written report is attached hereto and incorporated herein per the requirements of Rule 26(a)(2)(B), along with a copy of his *curriculum vitae*.

        12.       **Other persons from whom testimony under Rules 702, 703, or 705 of the Federal Rules of Evidence or qualified opinion testimony may be offered by plaintiff at trial.**

Plaintiff also reserves the right to offer qualified opinion testimony from individuals who provided medical services to Ms. Sue but have not been retained by Plaintiff to provide expert testimony in this case. These individuals were identified in Plaintiff's Initial Disclosures as well as in the medical records produced by Plaintiff to Defendant.

Plaintiff also reserves the right to offer qualified opinion testimony from persons who have direct knowledge of Ms. Sue, her family, the injuries she suffered (and from which she continues to suffer) and/or the events and circumstances surrounding the automobile collision

giving rise to this litigation.  Plaintiff reserves such right to the extent such persons have reached reasonable conclusions and opinions from the facts and circumstances directly observed or learned by them.  While discovery in this case is not yet complete, such persons, including, *inter alia*, Ms. Sue's family members and former co-workers, are presently identified in Plaintiff's Initial Disclosures as having such knowledge of Ms. Sue, her pre-incident and post-incident abilities and activities, her family, and her injuries. Finally, Plaintiff reserves the right to elicit expert testimony from any of Defendant's expert witnesses, to the extent not otherwise objectionable.

                                        Respectfully submitted,

                                        MARGARET SANDRA SUE

                By:      *Peter C. Grenier /s/*
                        Peter C. Grenier (D.C. Bar No. 418570)
                        Bode & Grenier, L.L.P.
                        1150 Connecticut Avenue, N.W.
                        Ninth Floor
                        Washington, D.C.  20036
                        (202) 828-4100
                        (202) 828-4130 (fax)
                        *Counsel for Plaintiff*

Dated: October 21, 2005

CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of October 2005, I served a true and accurate copy of PLAINTIFF'S RULE 26(a)(2) DISCLOSURES and the reports identified herein, by electronic case filing and U.S. Mail, postage-prepaid upon:

Heather R. Phillips, Esquire
Assistant United States Attorney
Judiciary Center Building
Civil Division
555 4th Street, N.W., Room E-4212
Washington, D.C. 20530
(202) 514-7139
(202) 514-8780 (fax)
*Counsel for Defendant*

                            *Peter C. Grenier /s/*
                            Peter C. Grenier