# BODE & GRENIER, LLP

ATTORNEYS AND COUNSELORS

NINTH FLOOR, CONNECTICUT BUILDING
1150 CONNECTICUT AVENUE, NW
WASHINGTON, D.C. 20036-4192
TELEPHONE: 202-828-4100
FACSIMILE: 202-828-4130
www.bode.com

PETER C. GRENIER, ESQ.
Direct Dial: 202-862-4311
pgrenier@bode.com

May 4, 2005

*VIA FACSIMILE TO (202) 785-2051,*
<u>*ORIGINAL VIA FIRST CLASS MAIL*</u>

Donald Reed, Esquire
Office of the General Counsel
Department of Commerce
14th & Constitution Avenue, N.W.
Room 5890
Washington, D.C. 20230

       Our Client:       *Margaret Sandra Sue*
       Your Employee:  *Obami Cinge Wray*
       Date of Occurrence: *April 10, 2000*
       **Federal Tort Claim**

Dear Mr. Reed:

    Please be advised that this firm has assumed the representation of Ms. Margaret Sandra Sue in connection with the above-referenced claim. Kenneth J. Annis, Esquire, Ms. Sue's former counsel, will no longer be involved in this matter.

    It appears that quite some time has passed since you have been updated as to Ms. Sue's serious medical condition. Briefly, as of the date of this letter, and as a direct result of the subject incident, Ms. Sue has undergone multiple complex surgeries involving her cervical spine, lumbar spine, and coccyx. Her past special damages (*i.e.*, medical expenses, services, prescriptions), exclusive of lost wages, now exceeds **$330,000.00**. You may also be aware that as a direct result of this incident, Ms. Sue has been granted full disability -- at the time of the incident, she had been earning in excess of **$130,000.00** per year, excluding benefits.

    As you can imagine, the amount of this claim is quite substantial, given the combined totals of the (1) past and future medical expenses; (2) past lost wages: (3) lost future earnings capacity; (4) lost future household services and consequential damages; and (5) non-economic damages. Ms. Sue was just shy of her 46th birthday at the time she was injured. Accordingly,

Donald Reed, Esquire
May 4, 2005
Page 2

pursuant to *28 U.S.C. § 2675 (2005)*, please be advised that we currently intend to institute an action wherein we shall seek well in excess of $4,000,000.00.

      Given the passage of time, I plan on filing suit promptly so as to move this case along. Mr. Annis indicated that you two had discussed the potential for a high-low binding arbitration, but that may have occurred before a substantial amount of treatment had been rendered.

      Please feel free to call me at your convenience to discuss this matter. I would also like to know whether the United States is denying that Mr. Wray was acting within the scope of his employment with the United States at the time of the incident.

      Thank you very much for your anticipated cooperation, and please direct all future communications in this matter to me.

                  Very truly yours,

                  Peter C. Grenier

PCG:rs
cc:    Ms. Margaret Sandra Sue