| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROROVED OMB NO. 1105-0008 EXPIRES 6-30-01 |
|---|---|---|
| 1. Submit To Appropriate Federal Agency: Office of the General Counsel Attn: Donald Reed, Esquire U.S. Dept. of Commerce 14th & Constitution Ave., NW Room 5890 Washington, DC 20230 | | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) Margaret Sandra Sue 1501 McLean Corner Lane McLean, VA 22101 |

| 3. TYPE OF EMPLOYMENT MILITARY  CIVILIAN | 4. DATE OF BIRTH 4-30-54 | 5. MARITAL STATUS Single | 6. DATE AND DAY OF ACCIDENT April 10, 2000 | 7. TIME (A.M. OR P.M) 2:10 p.m. |
|---|---|---|---|---|

8. Basis of Claim *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)*

See the attached demand package.

9.                    PROPERTY DAMAGE
NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT*(Number, street, city, State, and Zip Code)*

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side)*  The entire rear end.  Claimant's vehicle was totaled as a result of this car crash.

10.                   PERSONAL INJURY/WRONGFUL DEATH
STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT

See the attached demand package, medical records and bills.

11.                   WITNESSES

| NAME | ADDRESS *(Number, street, city, State, and Zip Code)* |
|---|---|
| N/A | |

12. *(See instructions on reverse)*        AMOUNT OF CLAIM*(in dollars)*

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY 100,000.00 | 12c. WRONGFUL DEATH | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)* 100,000.00 |
|---|---|---|---|

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)* | 13b. Phone number of signatory 703-286-1227 | 14. DATE OF CLAIM 1-9-02 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States.  (See 18 U.S.C.A. 287.) |
|---|---|

95-108                     NSN 7540-00-634-4046                STANDARD FORM 95 (Rev. 7-85)
Previous editions not usable                                    PRESCRIBED BY DEPT. OF JUSTICE
                                                                28 CFR 14.2

# EXHIBIT 32

SUE 0001205

### PRIVACY ACT NOTICE

* This Notice is provided in accordance with the Privacy Act, 5 U.S.C 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority*: The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose*: The information requested is to be used in evaluating claims.
C. *Routine Use*: See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond*: Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

### INSTRUCTIONS

Complete all items – Insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT, THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:
(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim And may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

### INSURANCE COVERAGE

In order that subrogation claims be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?   Yes, if yes give name and address of insurance company (*Number, street, city, State, and Zip Code*) and policy number.   No

Yes, State Farm  1500 Harry S. Thomas Way, N.E., Washington, DC 20002
Claim # 09-5022-683

| 16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17. If deductible, state amount |
|---|---|
| Yes, for property damage. | $500.00 |

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (*It is necessary that you ascertain these facts*)

State Farm paid the total loss value of claimant's vehicle in the amount of $4,453.21.

19. Do you carry public liability and property damage insurance?   Yes, If yes, give name and address of insurance carrier (*Number, street, city, State, and Zip Code*)   No

No.

SF 95 (Rev. 7-85) BACK

* U.S. GOVERNMENT PRINTING OFFICE: 1989--241-175

SUE 0001206

1

# KENNETH J. ANNIS & ASSOCIATES
ATTORNEYS AT LAW
SUITE 800
1100 CONNECTICUT AVENUE, N.W.
WASHINGTON, D.C. 20036

KENNETH J. ANNIS
MAUREEN COSTIGAN

TEL (202) 785-2244
FAX (202) 785-2051

January 9, 2002

Office of the General Counsel
Attn: Donald Reed, Esquire
Department of Commerce
14th & Constitution Avenue, N.W.
Room 5890
Washington, DC 20230

Re:   My Client:            Margaret Sandra Sue
      Your Employee:        Obami Cinge Wray
      Date of Occurrence:   April 10, 2000
                            Federal Tort Claim – See Form 95

Dear Mr. Reed:

On April 10, 2000, at approximately 2:55 p.m., my client, Ms. Margaret Sandra Sue, was operating a motor vehicle westbound on the Roosevelt Bridge, in the District of Columbia. At that time and place, Mr. Obami Cinge Wray, a Census Bureau employee, was also traveling westbound on the Roosevelt Bridge, directly behind. Your employee failed to pay full time and attention and was otherwise following too closely to my client's vehicle, and thereby caused his vehicle to violently collide with the rear of Ms. Sue's vehicle. Mr. Wray was the sole cause of this collision and was cited for failure to pay full time and attention (see a copy of the Police Report, enclosed). Ms. Sue's vehicle was declared a total loss as a result of this collision.

Mr. Wray was driving his personal automobile at the time of this occurrence; however, his vehicle was being used for Federal Government business (the Census Bureau), which constituted an exclusion under his personal automobile insurance policy. I have enclosed a copy of a denial letter from Mr. Wray's automobile liability carrier, USAA. Therefore, I am hereby asserting a Federal Tort claim on behalf of my client Ms. Sue for injuries she sustained as a result of this collision. The Form 95 is attached hereto.

Ms. Sue suffered serious personal injuries as a result of this occurrence, specifically in the neck, back, shoulder and leg areas, and was

**KENNETH J. ANNIS & ASSOCIATES**
ATTORNEYS AT LAW

immediately transported to the George Washington University Hospital emergency room, where the treating physician noted, "MVA from behind... put pt in C-collar b/c c/o neck pain. C/o L buttock/sacral pain...c-spine tenderness." The attending physician reviewed X-rays of Ms. Sue's cervical spine, diagnosed, "Motor vehicle accident neck/shoulder muscle strain," prescribed Advil and Tylenol #3, and instructed Ms. Sue to obtain follow up medical care from her primary care physician.

Ms. Sue received massage therapy at Vienna Massage Therapy from April 15 through May 16, 2000, as well as acupuncture treatments on April 21 and 26, 2000, from Dr. Bob Shao, Licensed Acupuncturist.

On April 26, 2000, Ms. Sue was seen by Dr. Peter J. Delenick, who upon examination noted, "[Ms. Sue] presents complaining of neck pain and lower back pain for approximately two and a half weeks. The patient states that on April 10, 2000, she was in a motor vehicle accident in which she was rear ended...[and] complain[s] of neck pain, shoulder pain and lower back pain. She...feels some...tingling in her fingertips of her left hand...[and] her lower back pain radiating to her buttocks...X-rays were taken which revealed no abnormalities...There was tenderness to palpation at the area C6, C7... There was tenderness to palpation at the area L5 S1 area...The straight leg raise was positive for pain..." Dr. Delenick prescribed Flexeril and ordered that Ms. Sue have an MRI of her cervical spine and lumbar spine, which she underwent on May 3, 2000, at IMI of Arlington.

Ms. Sue was re-evaluated by Dr. Delenick on May 8, 2000, who observed, "[Ms. Sue] returns for a follow-up after being referred to Dr. Edward Lang for...cervical strain, acute and cervical myofascial pain syndrome...[She] still appears to be holding the neck somewhat stiff...has a limited range of motion...[and] was told to continue with her follow-up with Dr. Lang."

On May 10, 2000, Ms. Sue examined by the neurologist Dr. Edward R. Lang, who noted, "[s]he had a sudden burning sensation in her head and neck...which radiated up into the temporal area as well. Since then, the pain has settled primarily into her neck and has been a continued problem...the pain does go down the left arm with a feeling of hot and cold in the arm at times.... She appears to be holding her neck somewhat stiff.... Neck movements were...limited in rotation..." Dr. Lang reviewed the MRI reports, diagnosed, "Cervical strain, acute; cervical myofascial pain syndrome," and prescribed Medrol, Dospak, a soft cervical collar, and Flexeril and Lortab as well as ultra sound and heat treatments through a physical therapist.

KENNETH J. ANNIS & ASSOCIATES
ATTORNEYS AT LAW

     Ms. Sue began a course of physical therapy at McLean Physical Therapy on May 16, 2000, where the physical therapist noted, "After [Ms. Sue] was struck [by the other vehicle here], she felt pain in her neck and upper back. The pain has gotten progressively worse. At this time she rates her pain an 8/10. She describes her pain as a burning sensation.... The pain is constant ...also disturbs her sleep...."

     Ms. Sue was evaluated by Dr. Richard A. Wirtanen on January 19, 2001, who noted, " Constant...stiffness in the neck which is increased by backward movement. [p]ain rated at 9/10...with 10 being extreme pain. [p]ain is radiating into the head. Constant...headaches located in the back of the head.... [r]ated the pain 8/10.... [a]ggregated by any activity of daily living. Constant...pain in the upper mid back.... Constant...pain in the lower back, radiating down the right leg. All of the above] symptoms seem to be aggravated by any activity of daily living.... Orthopedic tests: Jackson's Comp. For nerve root compression positive bilateral...Max. Compression for cervical nerve root compression positive bilateral...Cervical Distraction for nerve root compression positive bilateral...Spurling's Comp. For nerve root irritation positive bilateral...Roland-Morris Low Back Pain and Disability Questionnaire...83% Rating = Severe Disability."

     Dr. Wirtanen further noted that Ms. Sue's cervical and lumbosacral ranges of motion were significantly limited, reviewed the MRI and X -rays of her cervical spine, and diagnosed, "Late Effect of a motor vehicle accident... Cervical Sprain/Strain whiplash injury, nonallopathic lesion of thoracic region, wrist sprain, closed dislocation of multiple cervical vertebrae, knee sprain/strain, and radicular syndrome of lower limbs", started Ms. Sue on a course of chiropractic treatment and prescribed a back-saver recliner and a tempur-pedic mattress.

     Dr. Wirtanen issued the following final prognosis regarding Ms. Sue on October 5, 2001, noting, "After seeing Ms. Sue for several months and monitoring her progress, I determined that she [has] reached maximum medical improvement [and] will have to receive care...for the rest of her life...she has an over 80-90% chance of long term residuals such as persistent muscle pain, neck stiffness, headaches, and paresthesia...[and] an altered ligamentous structure [as] it has healed [in a] less than optimal [manner]... The injury to the spine resulted in a stretching and tearing of the paraspinal ligaments... The resultant 'scarred' ligament does not have the same resiliency as a normal ligament.... [h]ad been a very active person.... The injuries she sustained, particularly in the neck region, certainly

**KENNETH J. ANNIS & ASSOCIATES**
ATTORNEYS AT LAW

reduced the quality of [her] lifestyle.... The positive neurological and orthopedic findings, along with the positive X-ray finding, and her loss of range of motion and symptomatology, point to a poor recovery."

Dr. Wirtanen concluded, "Ms. Sue has reached maximum medical improvement, however, she will require continued care for the rest of her life to maintain a satisfactory quality of life and to conduct her ADL's. At this point in time, it is with reasonable medical certainty that this injury is permanent in nature and that a permanent disability has been sustained by Ms. Sue."

Ms. Sue is employed by IMS Health Inc., as a Government Business Consultant. The collision caused by your employee caused Ms. Sue to miss work from May 30 through June 20, 2000, and she was allowed to work only half-time from June 20 through July 7, 2000. Ms. Sue missed a total of 288 hours @ $41.61 per hour for lost income of $11,983.68 (enclosed, please find a statement from Mr. Robert Plefka, Director, IMS Health Inc., regarding Ms. Sue's lost income).

The specials for Ms. Margaret Sandra Sue are as follows:

| | | |
|---|---|---:|
| 1. | D.C. Ambulance............................................... | $   207.00 |
| 2. | George Washington University Hospital............ | 326.00 |
| 3. | G. W. University Medical Faculty Associates...... | 185.00 |
| 4. | Dr. Shao......................................................... | 120.00 |
| 5. | Vienna Massage Therapy................................. | 555.00 |
| 6. | Dr. Peter J. Delenick....................................... | 661.00 |
| 7. | IMI of Arlington, Inc....................................... | 1,880.00 |
| 8. | Dr. Edward R. Lang........................................ | 300.00 |
| 9. | McLean Physical Therapy................................ | 245.00 |
| 10. | Dr. Richard A. Wirtanen................................. | 5,805.08 |
| 11. | Client's out-of-pocket expenses (recliner & bed)..... | 2,060.07 |
| 12. | Lost income.................................................... | 11,983.68 |
| | TOTAL............................................................ | $ 24,327.83 |

Enclosed, please find copies of all medical bills and reports, a copy of USAA's denial letter, a copy of the lost income statement, photographs of the damage to Ms. Sue's vehicle, and a copy of the Police Report.

**KENNETH J. ANNIS & ASSOCIATES**
ATTORNEYS AT LAW

I would appreciate hearing from you at your earliest convenience.

Sincerely,

Kenneth J. Annis

KJA/mc
Enclosures