UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGARET S. SUE<br><br>    Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>    Defendant. | )<br>)<br>)<br>)<br>) Civil Action No. 05-1355 (JR)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S PRETRIAL STATEMENT

Comes now Plaintiff Margaret Sandra Sue ("Ms. Sue"), through counsel, pursuant to LCvR 16.5(b) and this Court's Scheduling Order herein, and submits her Pretrial Statement. The parties having stipulated to the authenticity of Plaintiff's medical records and photographs of the subject vehicles involved, Plaintiff has omitted from her witness list the sponsoring individuals otherwise necessary to lay an evidentiary foundation of authenticity.

1. **Statement of the Case:**

This is an automobile negligence and negligence *per se* action brought by Plaintiff Margaret Sandra Sue against Defendant The United States of America, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 (2005) *et seq.* and 28 U.S.C. § 1346(b) (2005).

On April 10, 2000, Ms. Sue was rear-ended by Obami C. Wray, then a Department of Commerce employee, while driving on the Roosevelt Bridge in the District of Columbia (the "Crash"). It is undisputed that Mr. Wray was acting within the

scope of his employment at the time. Mr. Wray was cited for failure to pay full time and attention. He subsequently paid the citation, thereby admitting his guilt. Plaintiff suffered life-altering injuries as a result of the Crash.

Ms. Sue's Crash-related injuries are permanent and severe, and have, *inter alia*: (1) wholly disabled her from work, where she had been earning in excess of $100,000.00 per year; (2) necessitated four major reconstructive spine surgeries, as well as the recent surgical implantation of an electrical neural stimulator in Ms. Sue's back; (3) required that Ms. Sue undergo long-term prescription drug treatment (including heavy doses of narcotics) and physical therapy; and (4) caused incalculable, ongoing pain and suffering to Ms. Sue. Ms. Sue's special damages alone exceed **$5,000,000.00**. None of the parties' respective expert medical witnesses disagree that Ms. Sue is permanently precluded from being able to work.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1346(b) (2005) in that Ms. Sue's claims pursuant to the FTCA constitute a civil action on claims against the United States of America (the "U.S." or the "Government"), for money damages, accruing on and after January 1, 1945, for personal injury caused by the negligent and wrongful acts of an employee of the Government while acting within the scope of his office or employment, under circumstances where the U.S., if a private person, would be liable to Ms. Sue in accordance with the law of the District of Columbia.

2.  **Statement of Claims:**

Plaintiff brings two claims, both against Defendant The United States of America: (i) Negligence (Count I); and (ii) Negligence *per se* (Count II). Plaintiff claims that Defendant is statutorily liable for the negligence and negligence *per se* of its employee

(Obami C. Wray) who was, by Defendant's admission, operating his vehicle for the purpose of United States government business in the course of his employment by the United States government at the time of the Crash.

Plaintiff claims that Defendant (through its employee, Mr. Wray) was negligent because Mr. Wray breached his duties of care to Ms. Sue by, *inter alia*, driving at an unreasonable speed based on conditions, failing to maintain a safe distance while driving behind Ms. Sue's car, failing to avoid colliding with Ms. Sue's car, failing to pay full time and attention, failing to keep adequate lookout, failing to comply with all applicable statutes and regulations, and failing to otherwise drive in a reasonable and safe manner.

Plaintiff further claims that Defendant (through its employee, Mr. Wray) was negligent *per se* because Mr. Wray breached his statutory duties of care to Ms. Sue. Mr. Wray's statutory duties, as set forth by D.C. Mun. Regs. tit. 18 §§ 18-2200.3, 18-2200.4, and 18-2213.4 (2005), as well as D.C. Mun. Regs. tit. 50 § 50-2201.04 (2005), included, *inter alia*, the duty to drive at a reasonable and prudent speed under the conditions and having regard to the actual and potential hazards then existing, the duty to control a vehicle's speed so as to avoid colliding with another vehicle, the duty to use due care, the duty to give full time and attention to the operation of a vehicle while driving, the duty to not drive upon a highway carelessly or heedlessly, the duty to drive with due caution and circumspection at a speed and in a manner so as to not endanger or be likely to endanger any person or property, and the duty to comply with all applicable statutes and regulations. Plaintiff claims that Defendant (through its employee, Mr. Wray) breached the aforesaid duties.

Plaintiff claims that Defendant's negligence was a proximate cause of the Crash. Plaintiff further claims that the Crash caused her to suffer severe and debilitating physical injuries to her head, neck, back, coccyx, shoulders, arms, hands, legs, feet, and whole body. Plaintiff further claims that Ms. Sue suffered psychiatric injuries as a result of the Crash and her resultant injuries. Such injuries are set forth in greater detail in Plaintiff's medical records and the expert reports submitted by Plaintiff in this matter. Plaintiff further claims that the Crash was a proximate cause of Plaintiff's post-Crash injuries and disabilities.

3. **Statement of Defenses**

Plaintiff defers to Defendant to outline its defenses in its own pretrial statement.

4. **Schedule of Witnesses**:

Subject to any unforeseen scheduling or availability issues, Plaintiff presently intends to call the following witnesses:

1. **Margaret Sandra Sue**, 1504 McLean Corner Lane, McLean VA 22101, 703-288-1227 (1 - 2 hours direct): Ms. Sue is the Plaintiff, and is expected to testify regarding, among other issues: the events surrounding the Crash; her physical, mental, and emotional condition before, after, and during the Crash; her Crash-related treatment; the expenses for such treatment; her past and present pain and disabilities; and her knowledge regarding the nature, degree, and permanency of her injuries circa January 9, 2002.

2. **Judith Lettes**, 1504 McLean Corner Lane, McLean VA 22101, 703-288-1227 (1 hour direct): Ms. Lettes is Plaintiff's partner, and is expected to testify regarding, among other issues: Ms. Sue's physical, mental, and emotional condition before and after the Crash; Ms. Sue's Crash-related treatment; Ms. Sue's past and present pain and disabilities; and her knowledge regarding the nature, degree, and permanency of Ms. Sue's injuries circa January 9, 2002.

3. **Obami C. Wray**, 8516 Grandhaven Ave., Upper Marlboro 20772, (20 minutes direct): Mr. Wray is expected to testify regarding, among other issues: the events surrounding the Crash; his actions before, during, and after the Crash; the planned routes of his travel on the day of the Crash; his speed at the time Crash; the traffic violation for

which he was charged arising from the Crash; his payment of said traffic citation; and his activities on behalf of his employer, the United States Government, on April 10, 2000.

    4.    **Officer Alphonso McAllister**, District of Columbia Metropolitan Police Department, Second District, 3320 Idaho Ave., NW, Washington, DC 20016, 202-282-0070 (15 minutes direct): Officer McAllister is expected to testify about, among other issues: the events surrounding the Crash; Mr. Wray's condition and behavior after the Crash; Ms. Sue's condition and behavior after the Crash; his conversations with Ms. Sue after the Crash; his conversations with Mr. Wray after the Crash; the post-Crash position and condition of the automobiles involved in the Crash; District of Columbia traffic laws and regulations; policies and procedures regarding the issuance of traffic citations; and his issuance of a traffic citation to Mr. Wray relating to the Crash.

    5.    **D. Michael Grossnickle**, 419 University Boulevard East, Silver Spring, MD 20901, 301-647-3960 (10 minutes direct): Mr. Grossnickle is expected to testify as to the authenticity of photographs of the Roosevelt Bridge in the District of Columbia (and surrounding area) taken by him on November 17, 2005. Mr. Grossnickle is also expected to testify that the photographs are a true and accurate depiction of the areas shown therein. Mr. Grossnickle is also expected to testify regarding his observations of the Roosevelt Bridge in the District of Columbia and the surrounding area.

    6.    ***James N. Campbell, M.D. (treating neurosurgeon)**, 600 North Wolfe Street, Meyer Bldg., Baltimore, MD 21287, 410-614-3855 (30 minutes direct): Dr. Campbell is an expert and will testify in accordance with the facts and opinions set forth in his Report and Plaintiff's Rule 26(a)(2) Disclosures. Dr. Campbell is also expected to testify regarding the treatment he provided to Ms. Sue, and any future treatment that he expects to provide to Ms. Sue.

    7.    ***Steven S. Hughes, M.D. (orthopedic surgeon)**, 2445 Army Navy Drive, Arlington, VA 22206, 703-769-8440 (30 minutes direct): Dr. Hughes is an expert and will testify in accordance with the facts and opinions set forth in his Report and Plaintiff's Rule 26(a)(2) Disclosures; namely, his evaluation of Ms. Sue's partial and whole body impairment ratings.

    8.    ***Lisa Lilienfield, M.D. (treating physician)**, 5275 Lee Highway, Suite 200, Arlington, VA 22207, 703-532-4892 (30 minutes direct): Dr. Lilienfield is an expert and will testify in accordance with the facts and opinions set forth in her Report and Plaintiff's Rule 26(a)(2) Disclosures. Dr. Lilienfield is also expected to testify regarding the treatment she provided to Ms. Sue, and any future treatment that she expects to provide to Ms. Sue.

    9.    ***Marcia Ribeiro, M.D. (treating neurologist)**, 1777 Reisterstown Road, Commerce Center West Suite 104, Pikesville, MD 21208, 410-602-1999 (30 minutes direct): Dr. Ribeiro is an expert and will testify in accordance with the facts and opinions set forth in her Report and Plaintiff's Rule 26(a)(2) Disclosures. Dr. Ribeiro is also

expected to testify regarding the treatment she provided to Ms. Sue, and any future treatment that she expects to provide to Ms. Sue.

   10.   **\*Susan B. Trachman, M.D. (psychiatrist)**, 8301 Arlington Blvd. #505, Fairfax, VA 22031, 703-573-8259 (15 minutes direct): Dr. Trachman is an expert and will testify in accordance with the facts and opinions set forth in her Report and Plaintiff's Rule 26(a)(2) Disclosures, regarding Plaintiff's depression and other conditions resulting from the Crash.

   11.   **\*B. Scott Teunis, M.D., F.A.C.S. (plastic surgeon)**, 1300 Chain Bridge Road, Mclean, VA 22101, 703-790-5454 (15 minutes direct): Dr. Teunis is an expert and will testify in accordance with the facts and opinions set forth in his Report and Plaintiff's Rule 26(a)(2) Disclosures, namely, the permanency of her surgical scarring.

   12.   **\*Phillip Bussey, Ph.D., CRC (vocational rehabilitation consultant)**, 9500 Annapolis Road, Suite B-6, Lanham, MD 20706, 301-459-0700 (30 minutes direct): Dr. Bussey is an expert and will testify in accordance with the facts and opinions set forth in his Report and Plaintiff's Rule 26(a)(2) Disclosures, relating to Ms. Sue's vocational impairment.

   13.   **\*Donna Flannery, MA, LRC, CRC, CDMS, CCM, CLCP (life care planner)**, 271 Route 46 West, Fairfield Commons Suite H-117, Fairfield, NJ 07004, 973-244-1998 (30 minutes direct): Ms. Flannery is an expert and will testify in accordance with the facts and opinions set forth in her Report and Plaintiff's Rule 26(a)(2) Disclosures, involving the life care plan for Plaintiff.

   14.   **\*John Bilotta, CEAC (home modification expert)**, PO Box 1617, Burlington, NJ 08016, 800-242-7707 (30 minutes direct): Mr. Bilotta is an expert and will testify in accordance with the facts and opinions set forth in his Report and Plaintiff's Rule 26(a)(2) Disclosures.

   15.   **\*Richard Edelman, Ph.D. (forensic economist)**, 8515 Whittier Blvd., Bethesda, MD 20817, 301-469-9575 (15 minutes direct): Dr. Edelman is an expert and will testify in accordance with the facts and opinions set forth in his Report and Plaintiff's Rule 26(a)(2) Disclosures, namely, the calculation of the present value of Ms. Sue's special damages (past and future earnings capacity loss, past and future medical needs).

   16.   **\*Bruce J. Ammerman, M.D.**, 3301 New Mexico Avenue, N.W., #352, Washington, D.C. 20016, 202-966-6300. Dr. Ammerman is expected to testify regarding, among other issues: his 2002 opinions at that time that Ms. Sue would not require surgery, and his recommendations that Ms. Sue undergo conservative treatment for her Crash-related injuries. Dr. Ammerman is further expected to testify that Ms. Sue's eventual surgeries were appropriate, given the change in her condition between his recommendation of conservative treatment and Dr. Campbell's initial assessment of Ms.

Sue. Dr. Ammerman is also expected to testify regarding the treatment he provided to Ms. Sue.

17. **\*Dr. Ignacio R. Rodriguez (defense expert neurologist)**, 8757 Georgia Ave., Suite 430, Silver Spring, MD 20910, 301-654-5577 (15 minutes direct): Dr. Rodriguez is expected to testify regarding the definition of disability utilized by the United States Social Security Administration, as well as the process and criteria used by the Social Security Administration in determining disability. Dr. Rodriguez is also expected to testify regarding his professional opinion of Dr. Bruce Ammerman, as well as his knowledge of Dr. Ammerman's reputation within the medical community. Dr. Rodriguez is also expected to testify regarding his observations about Ms. Sue's limitations and impairments.

18. **\*Dr. Joel Fechter (defense expert orthopedic surgeon)**, 10301 Georgia Ave., Suite 105A, Silver Spring, MD 20902, 301-681-7100 (15 minutes direct): Dr. Fechter is expected to testify regarding his professional opinion of Dr. Bruce Ammerman, as well as his knowledge of Dr. Ammerman's reputation within the medical community. Dr. Fechter is also expected to testify regarding his professional opinion of Dr. Steven Hughes, as well as his knowledge of Dr. Hughes' reputation within the medical community. Dr. Fechter is further expected to testify regarding Ms. Sue's permanent whole-body impairment rating pursuant to the relevant AMA guidelines. *Inter alia*, Dr. Fechter is expected to opine that Ms. Sue's whole-body AMA impairment rating is in excess of 25%.

19. **\*Dr. Arthur Kobrine (defense expert neurosurgeon)**, 2440 M Street, N.W., Suite 315, Washington, DC 20037, (202) 293-7136 (15 minutes direct) : Dr. Kobrine is expected to testify regarding his professional opinion of Dr. Bruce Ammerman. Dr. Kobrine is also expected to testify that Ms. Sue qualifies for a permanent impairment rating pursuant to the relevant AMA guidelines. Dr. Kobrine is further expected to testify that the medical costs charged for Ms. Sue's post-April 10, 2000 were appropriate.

5. **Exhibit List**:

Plaintiff expects to offer into evidence at trial the following exhibits:

1. Photographs of the Roosevelt Bridge in the District of Columbia, as well as the surrounding area. (11/17/2005, also marked as Exhibits P-4 through P-9 at Deposition of Obami C. Wray)
2. Photographs of the 1987 Volvo 240 operated by Obami C. Wray on April 10, 2000. (4/13/2000)
3. Photographs of Ms. Sue's 1992 Ford Taurus (BATES SUE0001363-SUE0001368)
4. Pre-accident photographs of Ms. Sue engaging in physically demanding activities (post-1991, pre-April 10, 2000, BATES SUE0001369-SUE1390)

5. "Day in the Life of Margaret Sandra Sue" videotape (yet to be created)
6. Empty bottles that contained a variety of Ms. Sue's post-Crash prescription medication (4/10/2000 – present)
7. Defendant's Answer (August 23, 2005)
8. The United States' Response To Plaintiff's First Set of Interrogatories (10/27/2005)
9. Overhead photographs of the Roosevelt Bridge, Constitution Avenue, and Independence Avenue in the District of Columbia, including the surrounding areas and roadways.
10. Map of the Roosevelt Bridge, Constitution Avenue, and Independence Avenue in the District of Columbia, including the surrounding areas and roadways.
11. Traffic Citation ("BTA Form 51 JAN '99") issued to Obami C. Wray (4/10/2005)
12. Claim for Damage, Injury, or Death by State Farm Insurance Company (8/17/01)
13. Letter to Mark Kodama from United States Department of Commerce Re: April 10, 2000 (7/23/2002)
14. Voucher For Payment submitted to United States Department of Commerce (7/31/02)
15. CIGNA Group Insurance Letter re: Long Term Disability (3/2/2004)
16. Social Security Administration Letter re: Long Term Disability (3/6/2004)
17. Records of District of Columbia Fire and EMS Department (4/10/2000 – present)
18. Bills of District of Columbia Fire and EMS Department (4/10/2000 – present)
19. Records of The George Washington University Hospital (4/10/2000 – present)
20. Bills of The George Washington University Hospital (4/10/2000 – present)
21. Records of Washington Neurosurgical Associates (8/8/2002 – present)
22. Bills of Washington Neurosurgical Associates (8/8/2002 – present)
23. Records of Peter J. Delenick, M.D. (4/26/2000 – present)
24. Bills of Peter J. Delenick, M.D. (4/26/2000 – present)
25. Records of IMI of Arlington (5/2/2000 – present)
26. Bills of IMI of Arlington (5/2/2000 – present)
27. Records of McLean Physical Therapy (5/16/2000 – present)
28. Bills of McLean Physical Therapy (5/16/2000 – present)
29. Records of Tysons Corner Chiropractic (1/19/2001 – present)
30. Bills of Tysons Corner Chiropractic (1/19/2001 – present)
31. Records of Hand-N-Hand Therapy (1/18/2002 – present)
32. Bills of Hand-N-Hand Therapy (1/18/2002 – present)
33. Records of Washington Radiology Associates (7/28/2002 – present)
34. Bills of Washington Radiology Associates (7/28/2002 – present)
35. Records of Sibley Memorial Hospital (8/28/2002 – present)
36. Bills of Sibley Memorial Hospital (8/28/2002 – present)

37. Records of Washington Brain and Spine Institute (10/16/2002 – present)
38. Bills of Washington Brain and Spine Institute (10/16/2002 – present)
39. Records of Physical Medicine and Rehabilitation and Electrodiagnostic Medicine (10/17/2002 – present)
40. Bills of Physical Medicine and Rehabilitation and Electrodiagnostic Medicine (10/17/2002 – present)
41. Records of Back in Motion Physical Therapy (1/10/2003 – present)
42. Bills of Back in Motion Physical Therapy (1/10/2003 – present)
43. Records of INOVA Fairfax Hospital (8/9/2003 – present)
44. Bills of INOVA Fairfax Hospital (8/9/2003 – present)
45. Records of James Campbell, M.D. (3/7/2003 – present)
46. Bills of James Campbell, M.D. (3/7/2003 – present)
47. Records of The Johns Hopkins Hospital (3/7/2003 – present)
48. Bills of The Johns Hopkins Hospital (3/7/2003 – present)
49. Records of Ava Mina Pain Treatment Clinic (10/15/2003 – present)
50. Bills of Ava Mina Pain Treatment Clinic (10/15/2003 – present)
51. Records of Vienna Radiology/Vienna Diagnostic Imaging/Tysons Corner Diagnostic Imaging (11/12/2003 – present)
52. Bills of Vienna Radiology/Vienna Diagnostic Imaging/Tysons Corner Diagnostic Imaging (11/12/2003 – present)
53. Records of Neurology Center of Fairfax (12/24/2003 – present)
54. Bills of Neurology Center of Fairfax (12/24/2003 – present)
55. Records and Bills of Groover & Christie Merritt (8/28/2002 – present)
56. Records of NES Emergency Physicians DC/Sibley Memorial Hospital ER (1/11/2003 – present)
57. Bills of NES Emergency Physicians DC/Sibley Memorial Hospital ER (1/11/2003 – present)
58. Records of McLean Immediate Care (6/5/2003 – present)
59. Bills of Records of McLean Immediate Care (6/5/2003 – present)
60. Records of Steven A. Lebeau, D.D.S. (1/15/2005 – present)
61. Bills of Steven A. Lebeau, D.D.S. (1/15/2005 – present)
62. Records of MidAtlantic Headache Institute (5/17/2005 – present)
63. Bills of MidAtlantic Headache Institute (5/17/2005 – present)
64. Records of the Kaplan Clinic (1/28/2003 – present)
65. Bills of the Kaplan Clinic (1/28/2003 – present)
66. Records of Drs. Arling and Patterson, P.C. (1/9/2002 – present)
67. Bills of Drs. Arling and Patterson, P.C. (1/9/2002 – present)
68. Records of Georgetown University Hospital (10/18/2005 – present)
69. Bills of Georgetown University Hospital (10/18/2005 – present)
70. Records of The Johns Hopkins University School of Medicine Department of Physical Medicine and Rehabilitation (9/21/2005 – present)
71. Bills of The Johns Hopkins University School of Medicine Department of Physical Medicine and Rehabilitation (9/21/2005 – present)
72. Records of Virginia Hospital Center (4/4/2003 – present)
73. Bills of Virginia Hospital Center (4/4/2003 – present)

74. Report of Dr. James N. Campbell (10/19/2005)
75. CV of Dr. James N. Campbell
76. Report of Dr. Susan B. Trachman (10/11/2005)
77. CV of Dr. Susan B. Trachman
78. Report of Dr. Steven S. Hughes (10/7/2005 including addendum of 10/20/2005)
79. CV of Dr. Steven S. Hughes
80. Report of Phillip Bussey, Ph.D., CRC (10/21/2005)
81. CV of Phillip Bussey, Ph.D., CRC
82. Report of Dr. B. Scott Teunis (10/10/2005)
83. CV of Dr. B. Scott Teunis
84. Report of Dr. Lisa Lilienfield (10/19/2005)
85. CV of Dr. Lisa Lilienfield
86. Report of Dr. Marcia C. Ribeiro (10/6/2005)
87. CV of Dr. Marcia C. Ribeiro
88. Report of Dr. Richard B. Edelman (October 19, 2005 including update of October 20, 2005)
89. CV of Dr. Richard B. Edelman
90. Report of Donna Flannery, MA, LRC, CRC, CDMS, CCM, CLCP (October 20, 2005)
91. CV of Donna Flannery
92. Report of John Bilotta, CEAC (10/17/2005)
93. CV of John Bilotta
94. Declaration of Donald J. Reed (12/16/2005)
95. Chart summary of Ms. Sue's special damages circa date of trial (not yet created)
96. Receipts and/or other evidence showing costs of therapeutic and rehabilitative devices

Plaintiff may, if the need arises, offer in evidence at trial the following Exhibits:

1. To the extent not listed above, exhibits listed by Defendant except those to which an objection is lodged
2. All pleadings and filings in this case, including all exhibits thereto
3. To the extent not listed above, all exhibits used in depositions in this case
4. To the extent not listed above, all documents, things, and other evidence designated or produced in discovery by Defendant
5. To the extent not listed above, all documents, things, and other evidence designated or produced to Defendant
6. Any treatises or other authoritative literature relied upon by any of Plaintiff's experts
7. Demonstrative exhibits developed by Plaintiff or Plaintiff's experts, and which would assist during trial
8. Any evidence or exhibits created at trial

9. Photographs of the various therapeutic and/or rehabilitative devices purchased by Plaintiff as a result of the subject incident
10. Literature and/or manufacturer's information regarding the neural stimulator device surgically implanted in Plaintiff
11. An exemplar of the surgical hardware permanently placed in Plaintiff's spine during the multiple surgeries necessitated by the subject incident
13. Anatomical models and diagrams
14. Photographs of the interior and layout of Plaintiff's house

Plaintiff reserves the right to offer into evidence at trial additional exhibits for impeachment/rebuttal purposes, as well as any exhibits not heretofore identified or discovered.

6. **Deposition Testimony**:

Plaintiff reserves the right to enter into evidence deposition testimony pursuant to Fed. R. Civ. P. 32(a)(3) Plaintiff also reserves the right to enter into evidence deposition testimony for impeachment purposes pursuant to Fed. R. Civ. P. 32(a)(1). At this time, Plaintiff hereby designates the following depositions excerpts:

**Deposition of Obami C. Wray**
**November 18, 2005**

| PAGE | LINE | PAGE | LINE | PAGE | LINE |
|---|---|---|---|---|---|
| 9 | 15-19 | 58 | 1-8 | | |
| 12 | 9-19 | 67 | 14-17 | | |
| 12 | 22 | 82 | 18-22 | | |
| 13 | 1-9 | 83 | 1-3 | | |
| 13 | 14-22 | 84 | 17-20 | | |
| 14 | 1-19 | 88 | 14-22 | | |
| 15 | 8-11 | 89 | 1 | | |
| 16 | 1-3 | | | | |
| 17 | 8-15 | | | | |
| 17 | 19-22 | | | | |
| 18 | 1-4 | | | | |
| 21 | 1-10 | | | | |
| 22 | 1-8 | | | | |
| 24 | 15-17 | | | | |
| 24 | 18-22 | | | | |
| 25 | 1-9 | | | | |
| 25 | 21-22 | | | | |

| | |
|---|---|
| 27 | 7-21 |
| 30 | 3-17 |
| 37 | 9-22 |
| 38 | 1-9 |
| 38 | 15-20 |
| 39 | 7-12 |
| 41 | 18-22 |
| 42 | 1-8 |
| 45 | 22 |
| 46 | 1 |
| 47 | 1-5 |
| 53 | 1-2 |
| 53 | 11 |
| 53 | 17-22 |
| 54 | 1-4 |
| 55 | 21-22 |
| 57 | 18-22 |

### Deposition of Dr. Bruce J. Ammerman
### December 2, 2005

| PAGE | LINE | | PAGE | LINE | | PAGE | LINE |
|---|---|---|---|---|---|---|---|
| 8 | 14-22 | | | | | | |
| 8 | 25 | | | | | | |
| 9 | 1 | | | | | | |
| 11 | 22 | | | | | | |
| 11 | 23-25 | | | | | | |
| 12 | 1-3 | | | | | | |
| 26 | 19-23 | | | | | | |
| 28 | 19-25 | | | | | | |
| 29 | 25 | | | | | | |
| 30 | 1-7 | | | | | | |
| 30 | 16-23 | | | | | | |
| 33 | 15-17 | | | | | | |
| 33 | 21-23 | | | | | | |
| 35 | 21-24 | | | | | | |
| 35 | 25 | | | | | | |
| 36 | 1-7 | | | | | | |
| 36 | 8-10 | | | | | | |

| 36 | 24   |  |  |  |  |  |  |
|----|------|--|--|--|--|--|--|
| 37 | 3-12 |  |  |  |  |  |  |
| 38 | 5-11 |  |  |  |  |  |  |
| 39 | 7-12 |  |  |  |  |  |  |
|    |      |  |  |  |  |  |  |
|    |      |  |  |  |  |  |  |
|    |      |  |  |  |  |  |  |
|    |      |  |  |  |  |  |  |
|    |      |  |  |  |  |  |  |

7.   **Itemization of Damages**

Ms. Sue seeks the following categories of compensatory damages: (1) past, present, and future lost wages/earnings capacity; (2) past, present, and future medical expenses and related needs; (3) past, present and future rehabilitative and assistive devices; (4) home modifications – the need for all of which resulted from Defendant's negligence; and (5) pain and suffering, mental anguish, inconvenience, disfigurement, disability, and impairments. More specifically, Plaintiff's compensatory damages are as follows:

| | |
|---|---|
| **Past Medical Treatment (detailed below)** | $ 262,194.17 |
| **Past Prescription Drug Expenses:** | $ 52,749.26 |
| **Past Rehabilitative, Therapeutic, and Assistive Equipment:** | $ 47,651.95 |
| **Past (pre-October 15, 2005) Lost Income1:** | $ 344,633.00 |
| **Future Lost Income, Benefits, and Life-care/Medical Expenses2:** | <u>$4,374,328.00</u> |
| **Total Special Damages To Date** | $5,081,556.38 |

---

1 detailed and adjusted to present value in the report of Dr. Richard Edelman, attached to Plaintiff's Rule 26(a)(2) Disclosures and incorporated by reference herein

2 detailed and reduced to present value in the reports of Donna Flannery, John Bilotta, and Dr. Richard Edelman, attached to Plaintiff's Rule 26(a)(2) Disclosures and incorporated by reference herein

**Past Medical Treatment[3]**

| PROVIDER | EXPENSES |
|---|---|
| District of Columbia Fire and EMS Services | $ 207.00 |
| The George Washington University Hospital | $ 326.00 |
| Washington Neurosurgical Associates | $ 784.98 |
| Peter J. Delenick, M.D. | $ 526.00 |
| IMI of Arlington | $ 1,880.00 |
| McLean Physical Therapy | $ 245.00 |
| Tysons Corner Chiropractic | $ 9,315.84 |
| Hand-N-Hand Therapy | $ 4,822.50 |
| Washington Radiology Associates | $ 3,295.00 |
| Sibley Memorial Hospital | $ 8,596.65 |
| Washington Brain and Spine Institute | $ 350.00 |
| Physical Medicine and Rehabilitation and Electrodiagnostic Medicine | $ 3,995.00 |
| Back in Motion Physical Therapy | $ 970.00 |
| INOVA Fairfax Hospital | $ 454.20 |
| James Campbell, M.D. | $49,268.00 |
| The Johns Hopkins Hospital | $57,957.95 |
| Ava Mina Pain Treatment Center | $12,639.00 |
| Tysons Corner Diagnostic Imaging | $ 3,580.00 |
| Neurology Center of Fairfax | $ 1,781.00 |
| Groover & Christie Merritt | $ 1,100.00 |
| NES Emergency Physicians DC/Sibley Memorial Hospital ER | $ 402.00 |
| McLean Immediate Care | $ 215.00 |
| Steven A. Lebeau, D.D.S. | $ 625.00 |
| MidAtlantic Headache Institute | $ 5,152.00 |
| Kaplan Clinic | $27,002.25 |
| Drs. Arling and Patterson, P.C. | $ 225.00 |
| Georgetown University Hospital | $66,037.80 |
| The Johns Hopkins University School of Medicine Department of Physical Medicine and Rehabilitation | $ 139.00 |
| Virginia Hospital Center | $ 302.00 |
| **Total:** | **$262,194.17** |

**Past Rehabilitative, Therapeutic, and Assistive Equipment**

| EQUIPMENT | EXPENSES |
|---|---|
| Cervical Hometrac Deluxe | $ 499.00 |
| Sequential Stimulator and required supplies | $3,680.00 |
| Indoor Rowing Machine | $ 794.00 |

---

[3] Plaintiff is awaiting several other bills from health care providers, and will supplement this list immediately upon receipt of such documents.

| | |
|---|---|
| VOMP Vest for transport of Prescription medication (winter) | $ 293.00 |
| Back Supports and Pivotal Therapy System | $ 781.93 |
| HTT-100 massage chair | $2,500.00 |
| Hydrotherapy Pool ($9,705.00 less $1,200.00 nontherapy expenses) | $8,505.00 |
| Required pool lighting ($2,000.00 less $300.00 nontherapy expenses) | $1,700.00 |
| Required electrical wiring for pool | $1,139.00 |
| Body cushion and reflexology chair | $ 429.00 |
| Precor stretchtrainer and treadmill | $4,248.00 |
| Saunders LDT Deluxe back traction machine | $ 569.25 |
| Hospital Parking | $ 19.60 |
| BS-AB back therapy machine/bike assembly | $ 396.00 |
| Hang Ups Inversion Table | $ 319.00 |
| Support pillows and leg spacer | $ 260.00 |
| Ceragem Traction Unit | $2,400.00 |
| Cervical Collar | $ 27.90 |
| Lumbar support chair | $ 510.00 |
| Fitness Equation membership | $ 480.00 |
| Adjustable Sleep System | $4,794.00 |
| Revival DX Recumbent bicycle | $ 835.99 |
| Tempur-Pedic mattress and foundation | $1,512.11 |
| Ergonomic chairs, desk and car seat | $2,274.49 |
| Orthotic supports | $ 743.00 |
| Back brace | $ 111.08 |
| Precor stationary recumbent bicycle and required accessories | $2,951.97 |
| Tempur-Pedic pillows ($433.13 less $37.50 nontherapy expenses) | $ 395.63 |
| Tempur-Pedic travel pillow, massager, and rehabilitative device | $ 157.37 |
| Maverick vest for transport of Prescription medication (summer) | $ 129.00 |
| Tempur-Pedic cushions and pillows | $1,578.50 |
| Microcurrent Stimulator and required accessories | $ 906.02 |
| Microcurrent Stimulator supplies/electrode pads | $ 53.86 |
| Neck massage chair and required accessories | $ 690.00 |
| Recumbant bicycle rack | $ 339.65 |
| Sport & Health Clubs membership | $ 409.75 |
| Back braces | $ 218.85 |
| **Total:** | **$47,651.95** |

8.  **Other Relief Sought**:

Plaintiff seeks no relief other than judgment for a sum of money, plus appropriate pre- and post-judgment interest, taxable costs, and whatever further and other relief this Court deems proper.

                              Respectfully submitted,

                              MARGARET SANDRA SUE

          By:        *Peter C. Grenier /s/*
                              Peter C. Grenier (D.C. Bar No. 418570)
                              Bode & Grenier, L.L.P.
                              1150 Connecticut Avenue, N.W.
                              Ninth Floor
                              Washington, D.C. 20036
                              (202) 828-4100
                              (202) 828-4130 (fax)
                              *Counsel for Plaintiff*

Dated: January 20, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of January 2006, I served a true and accurate copy of PLAINTIFF'S PRETRIAL STATEMENT, by electronic case filing and U.S. Mail, postage-prepaid upon:

    Heather R. Phillips, Esquire
    Assistant United States Attorney
    Judiciary Center Building
    Civil Division
    555 4th Street, N.W., Room E-4212
    Washington, D.C. 20530
    (202) 514-7139
    (202) 514-8780 (fax)
    *Counsel for Defendant*

                                            *Peter C. Grenier /s/*
                                            Peter C. Grenier