**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MARGARET S. SUE,      ) | |
|      ) | |
|     **Plaintiff,**      ) | |
|      ) | |
| **v.**      ) | **Civil Action No. 05-1355 (JR)** |
|      ) | **ECF** |
| **THE UNITED STATES OF AMERICA,**      ) | |
|      ) | |
|     **Defendant.**      ) | |
|      ) | |

### DEFENDANT'S PRETRIAL STATEMENT

Pursuant to Federal Rule of Civil Procedure 16 and Local Civil Rule 16.5, Defendant submits the following pretrial statement in this case:

**1.     Parties and Counsel**

| | |
|---|---|
| Plaintiff: | Margaret S. Sue |
| | 1501 McLean Corner Lane |
| | McLean, Virginia, 22101 |
| | (703) 288-1227 (phone) |
| | |
| Plaintiff's Counsel: | Peter C. Grenier. |
| | John Verdi |
| | Bode & Grenier |
| | 1150 Connecticut Avenue, NW |
| | Washington, D.C. 20036-4192 |
| | (202) 828-4100 (phone) |
| | (202) 828-4130 (fax) |
| | |
| Defendant: | United States of America |
| | |
| Defendant's Counsel: | Heather Phillips, AUSA |
| | United States Attorney's Office |
| | 555 Fourth Street, N.W. |
| | Washington, D.C.  20530 |
| | (202) 514-7139 (phone) |
| | (202) 514-8780 (fax) |
| | Donald J. Reed |
| | Department of Commerce |
| | 14th & Constitution Avenue |

Room 5890
Washington, D.C. 20230
(202) 482-2506

**2.      Nature of the Case**

This case arises under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq,*

which governs the terms of the federal government's waiver of sovereign immunity in tort

actions.  On April 10, 2000, at approximately 2:45 p.m., Department of Commerce ("DOC")

former employee Obami C. Wray was traveling westbound on the Roosevelt Bridge to

Washington, D.C., on his way back to the office after having picked up some copy toner in

Virginia.  As he was approaching the Independence Avenue exit, he spotted plaintiff, Margaret

Sue, a couple of car lengths distance ahead, in the lane immediately to the left of his.  As Mr.

Wray began to approach the exit, Ms. Sue abruptly switched lanes and cut in front of Mr. Wray,

apparently in an attempt to make the exit.  Mr. Wray sharply turned his car to the left in an

attempt to avoid hitting Ms. Sue's car, but was unable to clear it.  As a result, Mr. Wray's car

rear-ended Ms. Sue's car, causing damage to her left-rear bumper.

Police arrived on the scene shortly thereafter, and Ms. Sue was transported to George

Washington Hospital, where she was examined and released that same day.  Mr. Wray was

issued a ticket for failure to pay time and attention, and ultimately paid the $25 dollar fine.  Prior

to the accident Ms. Sue had for years suffered from degenerative disk disease and taken multiple

medications to control chronic pain.  Following the accident, Ms. Sue sought treatment for neck

and back pain in May and June of 2000.  Subsequent to June of 2000, her visits to medical

providers apparently ceased, and were not resumed until January of 2001, when she sought

chiropractic treatment.  Although Ms. Sue took some time off immediately following the

accident, she went back to work full time in July of 2000, and continued to work full time until

July of 2002, when she went on disability.

Beginning in April of 2003, Ms. Sue underwent a series of operations, including an

anterior cervical discectomy and fusion at C4-5 on April 9, 2003, a coccygectomy on March 31,

2004, an anterior discectomy and fusion at C3-4 on June 1, 2004, and a laminectomy of L4-5 on

December 7, 2004.  Ms. Sue went on permanent disability in 2003, and is not expected to be

employable anytime in the near future.  Currently, Ms. Sue takes multiple medications, including

narcotics, to manage her chronic pain.

**3.    Claims and/or Defenses:**

Ms. Sue claims that as a result of Defendant's negligence on April 10, 2000, she has

sustained multiple and permanent injuries.  Defendant contends that Ms. Sue was contributorily

negligent in causing the accident, and that in any event, Ms. Sue's extensive injuries and

treatment did not result from the accident, but were instead a natural and inevitable result from

her previously diagnosed degenerative disc disease.  Moreover, because Ms. Sue's

administrative claim, filed on January 9, 2002, sought only $100,000, and Ms. Sue never sought

to amend her administrative claim, even if Defendant were liable for Ms. Sue's damages,

Defendant's liability would be limited under FTCA § 2675(b) to $100,000.

**4. Defendant's Witnesses:**

**Will Call**:

(1) *Arthur I. Kobrine, M.D.  Dr. Kobrine, a neurosurgeon, will testify consistent with

his report that the April 10, 2000 automobile accident was not in any way responsible for the

need for Ms. Sue's surgeries, and that the accident would have, instead, caused only limited (4-6

weeks) symptoms attributable to musculoskeletal soft tissue injuries.

(2) *Ignacio R. Rodriguez, M.D., 8757 Georgia Avenue, Suite 430, Silver Spring, Maryland 20910.  Telephone: (301) 608-0833.  Dr. Rodriguez, a neurologist, will testify consistent with his expert report that Ms. Sue's chronic pain is a result of her degenerative disc disease, and that it is not related to any soft tissue injuries she suffered as a result of the April 10, 2000 accident.

(3) *Kathleen F. Sampeck, M.A., C.R.C., C.C.M., C.L.C.P, 2121 Eisenhower Avenue, Suite 200, Alexandria, Virginia 22314.  Telephone: (703) 551-4123.  Ms. Sampeck will testify consistent with her expert report respecting plaintiff's future life care needs.

(4) *Brad Schiller, Ph.D., 4323 Hawthorne Street, N.W., Washington, D.C. 20016. Telephone: (202) 364-1138.  Dr. Schiller, an economist, will testify, consistent with his expert report, respecting the proper calculation of plaintiff's lost income and future medical expenses.

**May Call:**

(5) *Joel D. Fechter, M.D., 10301 Georgia Ave., Suite 105A, Silver Spring, Maryland 20902.  Telephone: (301) 681-7100.  Dr. Fechter is an orthopaedic surgeon who conducted an independent medical exam of plaintiff.  Dr. Fechter will testify consistent with his expert report that plaintiff's coccygectomy was not caused by the April 10, 2000 accident.

**5.     Exhibits:**

*See* attached Exhibit A.

**6.     Deposition Testimony:**

Defendant reserves the right to designate portions of plaintiff's deposition transcript to use as substantive evidence.  In addition, defendant reserves the right to take de bene esse

depositions of witnesses who are unavailable for trial.  Defendant reserves the right to

supplement this Pretrial Statement and identify deposition testimony of any of the witnesses in

the event that they are not available for trial.

> **7.    Relief Sought:**

*See* Plaintiff's Pretrial Statement.

> **8.    Pending Motions:**

None.  Defendant may file motions in limine, depending on the contents of Plaintiff's

Pretrial Statement.

> **9.    Demonstrative Evidence, Physical Evidence, Videotapes:**

Defendant intends to use photographs depicting the site of the accident, as well as

photographs of the cars involved in the accident.  Defendant agrees to provide plaintiff with an

opportunity to inspect this evidence in advance of trial.

> **10.  Estimated Length of Trial:**

Defendant estimates that the trial will last 4 days.

Dated: January 23, 2006.                    Respectfully submitted,


                                            /s/
                                            KENNETH L. WAINSTEIN
                                            D.C. Bar # 451058
                                            United States Attorney


                                            /s/
                                            R. CRAIG LAWRENCE
                                            D.C. Bar # 171538
                                            Assistant United States Attorney


                                            /s/
                                            HEATHER R. PHILLIPS
                                            C.A. Bar # 19620
                                            Assistant United States Attorney
                                            Civil Division
                                            555 4th Street, N.W., Rm E4212
                                            Washington, DC 20530
                                            (202) 514-7139

## CERTIFICATE OF SERVICE

I certify that on January 23, 2006 a copy of the foregoing was served by ECF, the Court's

electronic filing system, upon counsel for Plaintiff:


Peter Grenier
Bode & Grenier
1150 Connecticut Ave.


_/s/_____
Heather R. Phillips