1

1  UNITED STATES DISTRICT COURT
2  FOR THE DISTRICT OF COLUMBIA
3  - - - - - - - - - - - - - - - x    **ORIGINAL**
4  MARGARET S. SUE                :
5      Plaintiff,                 : Civil Action No.:
6      v.                         :    05-1355(JR)
7  THE UNITED STATES OF AMERICA   :
8      Defendant.                 :
9  - - - - - - - - - - - - - - - x
10
11       Deposition of JOEL FECHTER, M.D.
12            Silver Spring, Maryland
13         Thursday, December 22, 2005
14                 3:25 p.m.
15
16
17
18
19
20 Job No.: 1-68567
21 Pages 1 through 57
22 Reported by: Cheryl K. O'Donnell


L.A.D. REPORTING & DIGITAL VIDEOGRAPHY

1100 Connecticut Avenue, NW • Suite 850, Washington, D.C. 20036
Tel: 202.861.3410 • 800.292.4789 • Fax: 202.861.3425
Web: ladreporting.com • E-mail: lisa@ladreporting.com
Additional Offices: Rockville, MD • Baltimore, MD • Greenbelt, MD • McLean, VA

DEPOSITION OF JOEL FECHTER, M.D.
CONDUCTED ON THURSDAY, DECEMBER 22, 2005

25

1   Q   Yes.

2   A   No.

3   Q   Were you asked to give an opinion as to

4   whether Ms. Sue is able to work?

5   A   I was not.

6   Q   Independent of whether or not you were

7   asked, which you said you were not, did you in your

8   mind as a result of your examination of Ms. Sue and/or

9   your review of medical records formulate an opinion in

10  your mind as to whether she is able to work?

11  A   I did.

12      MS. PHILLIPS:  Objection; outside the scope

13  of his opinion.

14  BY MR. GRENIER:

15  Q   You can answer.

16  A   I did.

17  Q   What was that conclusion?

18  [A   I don't think she can work.]

19  Q   Now, going back to that last page of the

20  report under "Evaluation," am I correct -- I don't

21  want to put words in your mouth, but am I correct that

22  you are not opining on whether or not the two anterior

DEPOSITION OF JOEL FECHTER, M.D.
CONDUCTED ON THURSDAY, DECEMBER 22, 2005

43

1  A   No.

2  Q   Of what, if any, clinical significance were
3  those abnormal flexion and extension limitations to
4  you?

5  A   I'm not sure what you mean.

6  Q   Well, were the abnormal flexion and
7  extension findings of clinical significance to you in
8  any way?

9  A   She's stiff. She has limited motion.

10 Q   Have you ever had occasion to conduct an
11 impairment rating of someone in a similar condition as
12 Ms. Sue, namely, post C3 through 7 ACD with fusion,
13 L4-L5 discectomy with fusion and L5-S1 discectomy with
14 fusion?

15 A   Yes.

16 Q   Can you tell me, and I understand it may be
17 patient specific, but approximately what the part body
18 and whole body impairment ratings you would ascribe to
19 those that that condition would be (sic)?

20 A   Well, it is very individual. It depends on
21 the way you're doing the rating. In workers'
22 compensation cases in Maryland, you're asked to take

DEPOSITION OF JOEL FECHTER, M.D.
CONDUCTED ON THURSDAY, DECEMBER 22, 2005

44

1  into account the AMA guidelines and additional
2  subjective factors of pain, weakness, loss of
3  endurance and loss of function, and obviously, the
4  amount of trouble that a patient has can enter
5  significantly into the rating.
6         If you're not in that setting, then an
7  impairment rating according to the AMA guides for a
8  cervical fusion is in the neighborhood of 25 to
9  28 percent impairment. That's impairment of the whole
10 person is the way it's put down. And I believe
11 it's -- for the lumbar spine, a fusion rating is in a
12 similar neighborhood.
13    Q   When you conduct an impairment rating, am I
14 correct that you take into account whether or not
15 there is surgical hardware physically in the patient?
16    A   That may enter into some of your
17 calculations when it comes to the kinds of extra
18 symptoms that you're having, but those AMA guide
19 ratings specifically are for a fusion whether or not
20 it's instrumented. It's just whether the level has
21 been fused and there's not the normal mobility at that
22 level anymore that there used to be.