UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGARET S. SUE | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 05-1355 (JR) |
| v. | ) |
| | ) |
| THE UNITED STATES OF AMERICA | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S DESIGNATION OF DEPOSITIONS AND EXHIBITS IN DEFENDANT'S PRETRIAL STATEMENT**

Plaintiff Margaret Sandra Sue ("Ms. Sue"), through undersigned counsel, respectfully objects to Defendant's designation of depositions and exhibits in Defendant's Pretrial Statement[1].

### I. Plaintiff's Objections to Defendant's Designation of Depositions

Defendant attempts to "reserve the right to designate portions of plaintiff's deposition transcript to use as substantive evidence."

This designation is inadequate, and fails to comply with LCvR 16.5(b)(7), which requires that the deposition designation identify, "by line and page numbers," each portion of a deposition that a party "intends to offer in evidence." *Id*.

Defendant's Pretrial Statement fails to identify <u>any</u> portions of Ms. Sue's deposition by line and page numbers. Plaintiff therefore objects to the use of <u>any</u> portion of Ms. Sue's deposition at trial.

---

[1] Defendant filed "Defendant's Pretrial Statement" on January 23, 2006. Defendant subsequently filed "Amendment to Defendant's Pretrial Statement" on January 24, 2006. Defendant subsequently transmitted an updated "Defendant's Exhibit List" to Plaintiff on January 26, 2006. For the sake of simplicity, Plaintiff herein refers to this collection of documents as "Defendant's Pretrial Statement."

## II.    Plaintiff's Objections to Defendant's Designation of Exhibits

Exhibit 159

Plaintiff objects to "Exhibit 159," which is designated and described by Defendant as "[b]illing records for chiropractic treatment in 1996, bates 295-7, 99 (Defendant's Production)."

The documents described above are explanations of benefits ("EOBs") provided to Ms. Sue by her then-insurer, MetraHealth.

It is well-settled that "the question of either party's insurance, or lack of insurance, has no bearing on the issues to be tried." *Safeway Stores v. Buckmon*, 652 A.2d 597, 604 (D.C. 1994).  It is "impermissible to ask whether plaintiff[']s bills had been paid by insurance." *Id*. at 605.

Because the documents designated as Defendant's "Exhibit 159" are insurance documents, they are *per se* inadmissible.  They are *not* -- nor do they purport to be -- medical records themselves. To the extent they refer to any medical records or bills submitted to an insurer, they would constitute inadmissible hearsay (or double-hearsay). Plaintiff therefore objects to the use of Defendant's "Exhibit 159" at trial.

Medical Records

While the parties have stipulated to the authenticity of Plaintiff's medical records, Plaintiff objects to the extent that any such medical records -- even if business records -- contain inadmissible hearsay that is not cured by the business records exception of *Fed. R. Evid. 803(6)*.

Exhibit 138

Defendant improperly identifies Plaintiff's Affidavit, submitted as <u>Exhibit 5</u> to her cross-motion for summary judgment, as a trial exhibit. This is more properly an exhibit to be used for impeachment purposes, as Plaintiff will certainly be present throughout the trial herein.

Exhibit 140

Plaintiff objects to the admissibility of Defendant's expert reports, insofar as they constitute hearsay, and would be cumulative of the experts' own live testimony. Plaintiff also objects specifically to the report of Dr. Brad Schiller for the reasons already set forth in Plaintiff's Motion To Strike Dr. Schiller.

            Respectfully submitted,

            MARGARET SANDRA SUE

            By:    *Peter C. Grenier /s/*
                     Peter C. Grenier (D.C. Bar No. 418570)
                     Bode & Grenier, L.L.P.
                     1150 Connecticut Avenue, N.W.
                     Ninth Floor
                     Washington, D.C. 20036
                     (202) 828-4100
                     (202) 828-4130 (fax)
                     *Counsel for Plaintiff*

Dated: January 31, 2006

CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of January 2006, I served a true and accurate copy of PLAINTIFF'S OBJECTIONS TO DEFENDANT'S DESIGNATION OF DEPOSITIONS AND EXHIBITS IN DEFENDANT'S PRETRIAL STATEMENT, as well as all exhibits and attachments, by electronic case filing and U.S. Mail, postage-prepaid upon:

> Heather R. Phillips, Esquire
> Assistant United States Attorney
> Judiciary Center Building
> Civil Division
> 555 4th Street, N.W., Room E-4212
> Washington, D.C. 20530
> (202) 514-7139
> (202) 514-8780 (fax)
> *Counsel for Defendant*

                                          *Peter C. Grenier /s/*
                                           Peter C. Grenier