UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGARET S. SUE,<br><br>        Plaintiff,<br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>        Defendant. | Civil Action No. 05-1355 (JR)<br>ECF |

## STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

It is hereby stipulated by and between the undersigned Plaintiff, Margaret S. Sue, and the Defendant, United States of America, by and through their respective attorneys, as follows:

1. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Settlement Agreement.

2. This Stipulation for Compromise Settlement and Release ("Stipulation") is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to Plaintiff. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3. The United States agrees to pay, within a reasonable amount of time and in accordance with its usual customs and practices, on behalf of Plaintiff the cash sum of ONE MILLION AND FOUR HUNDRED THOUSAND DOLLARS AND NO CENTS ($1,400,000.00), without offset of any nature whatsoever, to be paid by electronic transfer to the account of Bode & Grenier, LLP Escrow Account, from which sum any and all of Plaintiff's attorney fees, reimbursable costs, and litigation expenses shall be paid.

4. The parties agree that any attorney fees owed by Plaintiff in the Federal Tort Claims Act suit against the United States shall not exceed 25% of the settlement amount. See 28 U.S.C. § 2678. The parties further agree that any such attorney fees, along with any of Plaintiff's costs and expenses of said action against the United States and any costs, expenses, or fees (including legal fees) associated with obtaining any court approval of this settlement shall be paid out of the amount paid pursuant to Paragraph 3, above, and not in addition thereto. The parties agree that any of Plaintiff's fees for legal services incurred in the district court or in any court reviewing the settlement for approval purposes shall be considered attorney fees and not costs, shall be subject to the provisions of 28 U.S.C. § 2678, and shall be paid out of the amount paid pursuant to Paragraph 3, above, and not in addition thereto.

5. Plaintiff hereby accepts the cash sum set forth above in Paragraph 3 in full settlement and satisfaction of any and all FTCA: claims, demands, rights, and causes of action of whatsoever kind and nature, including any future claims for wrongful death, and any claims for fees, costs and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, death, or damage to property, and the consequences thereof, which Plaintiff may have or hereafter acquire

against the United States, its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned action. Plaintiff does hereby further agree to reimburse, indemnify, and hold harmless the United States and its agents, servants, and employees from and against any and all such claims, causes of action, liens, rights, or subrogated or contribution interests incident to or resulting or arising from the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

6. This compromise settlement is specifically subject to an agreement by the parties on the terms, conditions, and requirements of this Stipulation. The parties stipulate and agree that the Stipulation is null and void in the event the parties cannot agree on the terms, conditions, and requirements of this Stipulation. The terms, conditions and requirements of this Stipulation are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation null and void.

7. Plaintiff's attorney agrees to distribute the settlement proceeds to Plaintiff after paying or resolving any lien or claim for reimbursement or payment for which Plaintiff has agreed to be legally responsible under the terms of this Stipulation. Plaintiff's attorney further agrees to obtain a dismissal of the above-captioned action with prejudice, with each party bearing its own fees, costs, and expenses.

8. The parties understand that this Stipulation contains the entire agreement between Plaintiff and Defendant; that no promise or inducement has been made except as set forth herein; and that no representations, oral or otherwise, between Plaintiff and Defendant, or their respective counsel, not included herein shall be of any force and effect.

9. The parties agree that a facsimile of the signature of the parties and counsel will be considered to be, and have the same effect as original signatures.

DATE: _17, April_, 20_06_

_/s/ Margaret S. Sue_
MARGARET S. SUE, PLAINTIFF

_/s/ Peter C. Grenier_
Peter C. Grenier
Bode & Grenier
1150 Connecticut Ave., N.W., Ninth Floor
Washington, D.C. 20036
(202) 828-4100
Counsel for the Plaintiff

Executed this 17th day of
_April_, 2006.

_/s/ Kenneth L. Wainstein_
Kenneth L. Wainstein
United States Attorney

_/s/ Rudolph Contreras_
Rudolph Contreras
Assistant United States Attorney

_/s/ Heather R. Phillips_
Heather R. Phillips
Assistant United States Attorney
555 4th St. N.W., Room 4212E
Washington, D.C. 20001
(202) 514-7139
Counsel for the Defendant

Executed this 19th day of
_April_, 2006.